UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

IPC INTERNATIONAL, INC.,

    Plaintiff,

v.

JAMES A. SMITH, D/B/A EMS -
ELECTRONIC MANUFACTURING
SCIENCES, INC.

    Defendant.

Case No. _____

# COMPLAINT

The Plaintiff, IPC International, Inc. ("IPC"), by its attorneys Quarles & Brady LLP, for its Complaint and Jury Demand against Defendant, James A. Smith, doing business as EMS - Electronic Manufacturing Sciences, alleges as follows:

## NATURE OF THIS ACTION

1.    This action involves a request for a permanent injunction and monetary damages stemming from Defendant's repeated unauthorized use of IPC's registered trademark and false and misleading statements about IPC and the training classes it offers. The Defendants' statements are false, and are known by the Defendant to be false.

## THE PARTIES

2.    Plaintiff IPC is a non-profit corporation organized under the laws of New York. Its principle place of business is located at 3000 Lakeside Drive, Suite 309 S, Bannockburn, IL 60015.

3. IPC is a global trade association for the electronics industry. IPC devotes resources to management improvement and technology enhancement programs, the creation of relevant standards, environmental protection, and government relations. Of particular relevance to this dispute are a series of training programs created by IPC.

4. Defendant James A. Smith is a Florida resident residing at 4285 45th St. S, St. Petersburg, FL 33711-4431.

5. Mr. Smith, doing business as EMS - Electronics Manufacturing Sciences, Inc., advertises and offers electronics training classes, including a class entitled "Science of Soldering."

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, with reference to Lanham Act §32 and § 43(a) (15 U.S.C. § 1114 and 1125(a)). There is also diversity jurisdiction because there is complete diversity of the parties and the amount in dispute exceeds $75,000 exclusive of interest and costs.

7. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over Mr. Smith under 28 U.S.C. § 1400 and Fla. Stat. § 48.193 because he resides within the Court's jurisdiction and has engaged in substantial activities within the State of Florida.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400. Venue is proper in the Middle District of Florida because IPC's claims arose from actions taken within this district.

**STATEMENT OF FACTS**

10. IPC is the owner of U.S. Trademark Registration No. 3040611 for IPC, issued on January 10, 2006, for the use of IPC for products and services connected with education in the circuit board manufacturing and design industry and the electronics manufacturing industry.

11. Registration No. 3040611 (attached as Exhibit A) is valid, subsisting, and has acquired incontestable status under 15 U.S.C. § 1065.

12. Since 1959, IPC has continuously and extensively used the IPC trademark throughout the United States in connection with its services and products.

13. Since long before the acts complained of herein, IPC has made significant expenditures to advertise and promote its services and products nationally under the IPC trademark. IPC has used its trademark consistently in its marketing, corporate documents and other contacts with the relevant consuming public.

14. IPC uses its trademark in connection with classroom training and industry certifications on topics related to design and manufacture of printed circuit boards, assembly of electronics, rework and repair of electronic assemblies, assembly of cable and wire harnesses, ESD control, soldering, lead free soldering, safety and a wide variety of acceptance standards used within electronics manufacturing.

15. The IPC mark has come to represent and symbolize the enviable reputation and valuable goodwill of IPC among members of the trade and relevant purchasing public.

16. IPC's registered trademark is entitled to immediate and strong protection from unfair competition, infringement and injury.

## SMITH'S UNAUTHORIZED USE OF IPC'S TRADEMARK

17. On his website, http://www.emsciences.com/, Smith uses IPC's trademark to promote his services as an instructor of courses offered in competition with IPC's actual certification program.

18. While Smith has completed IPC training programs, he is not authorized by IPC to use IPC's trademark to promote unapproved classes that are not from IPC's course materials.

19. Smith has used IPC's registered trademark and associated graphic design to advertise a class he titled "IPC Science of Soldering." Attached as Exhibit B is a true and correct copy of printouts from Smith's website.

20. IPC does not offer a class titled "Science of Soldering."

21. IPC has not authorized Smith to use the IPC trademark in connection with a class titled "Science of Soldering."

22. Smith states that his "Science of Soldering delivers the same IPC certification plus much more than standard IPC."

23. Smith has not purchased IPC approved materials, which would be required if he was offering an IPC approved curriculum.

24. Smith's "IPC Science of Soldering" class is not recognized by IPC and does not carry with it any IPC certification.

25. Smith's statement regarding his Science of Soldering class, is false and misleading.

26. Smith's statements have misled individuals into incorrectly believing they have received IPC certification.

QB\13463548.1

27. Smith's unauthorized use and misappropriation of IPC's trademark are likely to cause confusion, mistake or deception with respect to the relationship between IPC and Mr. Smith.

28. On January 11, 2011, and again on May 5, 2011, IPC contacted Mr. Smith regarding his unauthorized use of IPC's trademark. Copies of those letters are attached as Exhibit C.

29. Mr. Smith has altered IPC certificates and used these altered certificates, which contain the IPC trademark, to represent to the public that he has IPC certifications that he does not.

30. Attached as Exhibit D is a copy of an altered certificate bearing the IPC trademark. The original certificate, Serial No. J001-791U, was originally issued to Teresita Grefal on April 17, 2007.

31. Attached as Exhibit E is a copy of an altered certificate bearing the IPC trademark. The original certificate, Serial No. 610-T 15546, was originally issued to Robin Chan on May 11, 2007.

32. Despite knowledge of IPC's trademark rights and IPC's position on his use of the IPC mark, Smith continues his unauthorized use of the IPC trademark.

## DAMAGE TO IPC

33. Because of Smith's use of IPC's trademark, people have incorrectly believed that Smith is offering IPC approved certifications.

34. People have paid for training with Smith as a result of their belief that they were receiving IPC certification.

35. Mr. Smith has distributed fraudulently altered certifications to others to give them the impression that he is IPC certified.

36. As a direct and proximate cause of Mr. Smith's actions described in this Complaint, IPC has suffered and continues to suffer damages.

37. Unless Mr. Smith is enjoined from using IPC's trademark and from falsely representing that he is authorized by IPC to certify students, people familiar with IPC and its services are likely to believe that Smith is somehow endorsed, supported, authorized or associated with IPC.

38. Smith's unauthorized use of IPC's trademark is likely to injure the reputation that IPC has established for its services, which will result in damage to IPC.

## Count One
## TRADEMARK INFRINGEMENT

39. IPC realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 38.

40. Mr. Smith has used IPC's registered trademark and logo to give the relevant consuming public the false impression that IPC has authorized his services and that he is qualified to offer IPC certification.

41. Mr. Smith has used IPC's registered trademark to falsely attract customers' interest in training programs that are not in fact IPC certified.

42. Mr. Smith has used IPC's registered trademark to falsely represent to the public that he has received certifications that he has not received.

43. Mr. Smith has used IPC's registered trademark in connection with false and misleading statements.

44. Smith is not authorized to use the IPC trademark.

45. Smith's use of IPC's trademark is likely to cause confusion or mistake or to deceive customers into falsely believing that IPC has approved of or sponsored Smith's website and/or services, all in violation of 15 U.S.C. § 1114, 15 U.S.C. § 1125, and the common law.

46. Smith's actions set forth above were and are intentional, willful and in reckless disregard for IPC's rights.

47. Smith's actions set forth above have unjustly damaged IPC's trademark, business reputation and the goodwill associated with IPC's trademark.

48. Smith's actions set forth above have unjustly enriched Smith.

49. Smith's actions set forth above are causing irreparable injury to IPC for which there is no adequate remedy at law.

50. Smith's actions set forth above constitute willful trademark infringement entitling IPC to remedies set forth in 15 U.S.C. § 1117 and 15 U.S.C. § 1118.

## Count Two
## VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

51. IPC realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 50.

52. Mr. Smith's webpage and statements regarding his course offerings constitute advertisements, announcements, statements and/or representations to the public relating to the purchase of services, and contain untrue, deceptive or misleading representations.

53. Mr. Smith's distribution of altered IPC Certificates constitute untrue, deceptive and misleading representations.

54. The statements and representations made to consumers by Smith constitute a violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Title XXXIII, Chapter 501.

55. As a result of Smith's violation, IPC has suffered pecuniary loss as well as irreparable harm for which it has no adequate remedy at law.

56. Pursuant to the Florida Deceptive and Unfair Trade Practices Act, IPC is entitled to recover actual damages, attorney's fees and court costs.

**WHEREFORE**, Plaintiff IPC International, Inc. respectfully requests judgment and relief against the Defendant James Smith as follows:

1. A permanent injunction prohibiting Smith's use of IPC's trademark;

2. Compensatory damages, in an amount to be determined by the trier of fact, for all harm IPC has suffered as a result of the Smith's actions, including without limitation lost sales and lost sales opportunities, costs of responsive advertising and other actual damages;

3. Treble damages as provided under 15 U.S.C. § 1117(a);

4. Disgorgement of all profits realized by Smith from sales of any seminars using the IPC trademark;

5. IPC's actual costs and attorneys' fees as provided under the Lanham Act, 15 U.S.C. §§ 117, 1125(a);

6. IPC's pecuniary loss as well as its actual costs and attorneys' fees, as provided under Fla. Stat. § 501.211; and

7. Such other and further relief as the Court deems necessary and just.

## JURY DEMAND

Plaintiffs demand jury trial on all issues so triable.

Dated this 17th day of June, 2011.

                                                <u>/s/ William F. Hamilton</u>
                                                WILLIAM F. HAMILTON
                                                DAVID R. CROSS
                                                JOHANNA M. WILBERT
                                                QUARLES & BRADY LLP
                                                101 East Kennedy Boulevard
                                                Suite 3400
                                                Tampa, Florida  33602
                                                E-mail:  william.hamilton@quarles.com
                                                E-mail:  david.cross@quarels.com
                                                E-mail:  johanna.wilbert@quarles.com

                                                Attorneys for Plaintiff
                                                IPC International, Inc.